PER CURIAM.
Edward Miller seeks a belated appeal of an order denying his motion for postcon-viction relief following an evidentiary hearing. In support, he alleges that he asked his counsel to initiate an appeal of any adverse ruling of the trial court, but counsel failed to do so. In addition, Miller alleges that he was not furnished a copy of the trial court’s order until after the time for initiating an appeal had expired, and he attaches documentation from his institutional mailroom to corroborate this claim.
We issued an order to show cause, and the state appends to its response an affidavit of petitioner’s counsel stating that a request for an appeal was not made. On this basis, the state asserts that an eviden-tiary hearing is required in order to determine petitioner’s entitlement to a belated appeal. However, the state has not disputed petitioner’s claim that he was not timely furnished a copy of the trial court’s order, and we conclude that Miller’s sworn allegations in this regard and the corroborative documentation he has provided establish an independent basis for granting the relief he seeks. See Brigham v. State, 769 So.2d 1100 (Fla. 1st DCA 2000).
Accordingly, the petition for belated appeal of the order of May 3, 2002, denying petitioner’s motion for postconviction relief in Duval County Circuit Court case number 96-7096-CF-A, is granted. Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk of the circuit court for treatment as a notice of appeal. See Fla. R.App. P. 9.141(c)(5)(D).
ALLEN, C.J., BENTON and HAWKES, JJ, concur.