845 So.2d 945 (2003)
Jason M. EBERSOL, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 5D02-3132.
District Court of Appeal of Florida, Fifth District.
April 25, 2003.
*946 Jason M. Ebersol, Winter Springs, pro se.
John D. Maher, Deputy General Counsel, Unemployment Appeals Commission, Tallahassee, for Appellee.
PLEUS, J.
Ebersol's appeal of an adverse ruling by the appeals referee on his claim for unemployment compensation benefits was summarily dismissed by the Unemployment Appeals Commission (Commission) as being untimely. The Commission urges that since Ebersol elected to file his appeal by facsimile, he assumed all risks associated with the failure of the notice to be timely docketed with the Commission.[1] We believe Ebersol raises two points which require remand for an evidentiary hearing.
First, Ebersol claims that he never received written notice of the adverse decision of the appeals referee. Section 443.151(4)(b)3, Florida Statutes, provides that an appeals referee's decision "shall be final unless, within 20 days after the date of mailing of notice thereof to the party's last known address or, in the absence of such mailing, within 20 days after the delivery of such notice, further review is initiated...." Ebersol's contention calls into question whether this 20 day appeal period was in fact triggered.[2]See Holmes *947 v. City of West Palm Beach, 627 So.2d 52 (Fla. 4th DCA 1993). The record contains no indication that Ebersol was afforded an opportunity by the Commission to show cause why his appeal should not be dismissed.
In accordance with section 120.68(7), Florida Statutes, and decisional law,[3] the Commission must afford Ebersol an evidentiary hearing on the issue of whether and when a copy of the appeals referee's decision was mailed to him so as to formally trigger the running of the 20 day appeals period.
Second, the Commission rules expressly permit a party to file a request for an appeal by facsimile.[4] While as a general proposition, a party such as Ebersol is deemed to assume the risk of transmission difficulties associated with faxes, the record here contains a fax history report reflecting that Ebersol did indeed fax a document to the agency on June 28, 2002, or well within 20 days of the date of the appeals referee's decision. While the Commission did not docket any request for appeal within this 20 day period, the record is completely silent as to whether this was because the fax was not received by the Commission or because the Commission received the fax but was remiss in not docketing the request. To simply accept the Commission's position that Ebersol bears the risk in either circumstance would excuse the agency from developing careful procedures for docketing faxed requests for appeals which it receives. We are more inclined to embrace a salutary rule that where a claimant makes an evidentiary showing that he did, in fact, timely and correctly direct a fax of a request to appeal to the Commission, an issue of fact is created as to whether the Commission received the request for timely docketing. On remand, the Commission shall apply these principles.
REVERSED AND REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] See Florida Administrative Code Rules 60 BB-6.003(3) and 60 BB-7.006; U.A.C. See also Florida Administrative Code Rule 28-101.001(2)(e)2.
[2] The mailing date on the decision, by itself, is insufficient to rebut Ebersol's claim. Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577 (Fla. 2d DCA 1994); Robinson v. Morrison, Inc., 501 So.2d 1323 (Fla. 4th DCA 1986).
[3] See Ferrero v. Unemployment Appeals Commission, 829 So.2d 993 (Fla. 2d DCA 2002); Landrum; Holmes.
[4] See Florida Administrative Code Rule 60 BB-6.003(3).