851 So.2d 208 (2003)
Nadine G. MENDELSOHN, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D02-377.
District Court of Appeal of Florida, First District.
June 26, 2003.
Rehearing Denied July 31, 2003.
Nadine G. Mendelsohn, Pro Se.
John D. Maher of Unemployment Appeals Commission, Tallahassee, for Appellee.
ALLEN, C.J.
The appellant challenges an order by which the Unemployment Appeals Commission upheld an appeals referee's dismissal of an administrative appeal after *209 the appellant failed to appear at the scheduled hearing. The appellant sought Commission review of the referee's decision, attempting to invoke such review with a request for a redetermination. The Commission concluded that the request was not timely filed and that the referee's decision had thus become final, whereby the case was dismissed.
The record indicates that the appellant faxed a request for a redetermination to the local appeals office, but that the fax was sent and received more than twenty days after the referee's dismissal order was mailed to the appellant. The request was thus an untimely filing under section 443.151(4)(b)3, Florida Statutes, and the Commission noted that the appeal was outside the statutory time limit. However, because the appellant asserted that she had sent an earlier fax, the Commission remanded the case to the appeals referee for evidence as to this allegation.
At the hearing, the appellant testified that she had sent an earlier fax, but she acknowledged that her fax machine does not indicate whether a transmission is successfully delivered. She also indicated that she was having problems with her fax machine, and that it would sometimes shut off before a transmission was made. The appellant testified that she did not think that had happened with her earlier fax, and she submitted a copy of a phone bill showing a one minute call to a local number on that date. However, the appellant did not present any evidence to confirm that the transmission was actually completed or received.
In the order now being appealed, the Commission found that the appellant's redetermination request was untimely. This finding was made after an evidentiary hearing according with the requirements of Ebersol v. Unemployment Appeals Commission, 845 So.2d 945, (Fla. 5th DCA 2003). Appellate review of this factual finding is governed by § 120.68(7)(b), Florida Statutes, which precludes an assessment as to the weight of the evidence and instead directs that factual determinations should be set aside when unsupported by competent substantial evidence. But there was such evidentiary support for the Commission's determination here, given the appellant's testimony regarding the problems with her fax machine and the absence of any evidence to show that a timely fax request was ever received for filing in the appeals office.
Because the appellant failed to establish a timely filing under section 443.151(4)(b)3, the case below was properly dismissed and the appealed order is therefore affirmed.
HAWKES, J., concurs; BENTON, J., Dissents with Opinion.
BENTON, J., dissenting.
The Unemployment Appeals Commission noticed a hearing for January 4, 2002, specifying that "timeliness of the appeal to the Unemployment Appeals Commission is the only issue to be discussed at this hearing." The subject of the present appeal is the Commission's subsequent order dismissing Ms. Mendelsohn's administrative appeal to the Commission as untimely.
With respect to the timeliness of such administrative appeals, Florida Administrative Code Rule 60BB-5.005 provides:
(1) The appeal shall be filed within 20 calendar days of the date the determination or redetermination was mailed to the appellant's last known address ....
(2) The appeal shall be filed by mailing the appeal document ...; by facsimile transmission of the appeal document to any location designated in subsections 60BB-5.004(1), (2), and (3), F.A.C.; or by hand delivery ....

*210 (3) Appeals filed by mail shall be considered to have been filed when postmarked by the United States Postal Service. Appeals filed by hand delivery or facsimile shall be considered to have been filed when date stamped received at the authorized location.
(4) Upon receipt of an appeal delivered in person or by facsimile transmission, the Commission, Agency for Workforce Innovation, or Office of Appeals employee shall record the date of receipt on the appeal document.
The order which Ms. Mendelsohn sought to appeal administratively was mailed to her on October 16, 2001.
Monday, November 5, 2001, was the twentieth day after October 16, 2001, and therefore the deadline for filing the administrative appeal. Ms. Mendelsohn testified that she filed an appeal by facsimile transmission on November 2, 2001, three days before the deadline. See Perenzuela v. Fla. Unemployment Appeals Comm'n, 779 So.2d 670 (Fla. 3d DCA 2001); see generally Miller v. State, 838 So.2d 667 (Fla. 1st DCA 2003).
Referee: When did you send the letter of appeal to Fort Lauderdale?
Mendelsohn: I faxed it on November 2nd.
Referee: How did you send it to them?
Mendelsohn: I faxed it, which is what I had always done before.
The referee tested this assertion by cross-examination along two lines, first inquiring of Ms. Mendelsohn why, if she had faxed appeal papers on November 2, 2001, she had sent a second fax on November 6, 2001:
Referee: Okay, butand so what made you contact Fort Lauderdale on November 6th?
Mendelsohn: I faxed over the letter from my attorney along with another letter stating here's additional documents. That's numbernumber two.
Referee: Document number two that I mailed out to you?
Mendelsohn: Document number two, right and a request for redetermination, appeal faxed to you November 2nd, I stated I would be sending supplemental documentation and that was the supplemental documentation.
In his second line of cross-examination, the referee questioned Ms. Mendelsohn as to whether the facsimile transmission that she thought she had accomplished on November 2, 2001, had actually taken place. She testified that it had, and that she would have been aware if it had not been transmitted:
Referee: Prior to November 2nd, you had problems
Mendelsohn: Yeah, I'd been having problems with it for a while and it may have cut off or a call may have come in. We have what is it, ring master?
Referee: I don't know.
Mendelsohn: Callcall waiting, caller id, and if I don't code in a start 70 I think it is, then a call comes in and it shuts off the fax, and that might might have happened.
Referee: That could have happened on the 2nd of November?
Mendelsohn: No, it didn't happen on the 2nd. Because if it would have happened on the 2nd, I would have tried to refax it.
The referee's cross-examination did not shake Ms. Mendelsohn's testimony that she faxed a notice of appeal on November 2, 2001, that there had been no problem in effecting that particular transmission, and that if there had been she would have been aware of it. Nobody put on evidence to contradict her testimony on any point.
*211 Nothing in the order under review explains the referee's fact finding. The order makes no reference to November 2, 2001, nor to any of the evidence adduced at the hearing. In broad boilerplate language, the order reads:
The appeals referee's decision was mailed to the appellant's last known address on October 16, 2001, and the appeal to the Unemployment Appeals Commission was filed on November 6, 2001.
The Florida Unemployment Compensation law provides that the referee's decision shall be final unless, within 20 days from the date of mailing of notice thereof to the parties' last known addresses, an appeal is initiated to the Unemployment Appeals Commission. An appeal to the Commission was not filed within 20 days.
No evidence whatsoever, much less substantial, competent evidence, supports the referee's finding that an "appeal to the Commission was not filed within 20 days." The order should be reversed and the case should be remanded to the Commission for a decision on the merits.
A telephone bill received as an exhibit at the hearing corroborates unrebutted testimony that the fax call went through on November 2, 2001. Even uncorroborated testimony that mail has been sent or that a facsimile transmission has been made raises a presumption of delivery.

See In re Hairopoulos, 118 F.3d 1240, 1244 (8th Cir.1997) ("A letter properly addressed and mailed is presumed to have been delivered to the addressee."); Wagner Tractor, Inc. v. Shields, 381 F.2d 441, 446 (9th Cir.1967) ("There is a presumption of receipt after proper dispatch of a telegram analogous to letters properly mailed."). We see no principled reason why a jury would not be able to make the same inference regarding other forms of communicationsuch as facsimiles, electronic mail, and in-house computer message systemsprovided they are accepted as generally reliable and that the particular message is properly dispatched. See, e.g., United States v. Galiczynski, 44 F.Supp.2d 707, 714 (E.D.Pa.) ("The rebuttable presumption of service by mailing, or in this case, by fax, can be established by pointing to circumstantial evidence, such as evidence of standard operating office procedures or business practices regularly used concerning the mailing or faxing of documents by a party."), aff'd, 203 F.3d 818 (3d Cir.1999); American Paging of Texas, Inc. v. El Paso Paging, Inc., 9 S.W.3d 237, 240 (Tex.App.1999) ("Admission of evidence showing a telephonic document transfer to the recipient's current telecopier number gives rise to a presumption that notice was duly received by the addressee."); SSI Med. Servs., Inc. v. State, 146 N.J. 614, 685 A.2d 1, 5-6 & n. 1 (1996) (discussing nature of evidence required to raise presumption of mailing and receipt for electronic mail).
Kennell v. Gates, 215 F.3d 825, 829 (8th Cir.2000). This presumption went unrebutted here. Nobody testified that the Commission did not receive the fax Ms. Mendelsohn testified she sent on November 2, 2001 (or even that Commission staff failed to date stamp it on November 2, 2001). Ms. Mendelsohn was the only witness who testified at the hearing.
For the foregoing reasons, I respectfully dissent.