849 So.2d 1181 (2003)
Brenda J. REYNOLDS, Appellant,
v.
SV CENTRAL DANIA PROPERTIES, INC. and Florida Unemployment Appeals Commission, Appellees.
No. 4D02-2906.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
*1182 Donald R. McCoy of Donald R. McCoy, P.A., Fort Lauderdale, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Commission.
WARNER, J.
The Unemployment Appeals Commission ("UAC") affirmed an order of the appeals referee that determined appellant had not timely filed her notice of appeal, filed by fax transmission, from the denial of her unemployment benefits application. The referee found that while the UAC rules require receipt of the notice, appellant's notice of appeal was not docketed in the UAC office within the time allowed for appeal. However, the record also contains a fax transmission result report that indicates a four page fax was successfully sent to the Office of Appeals within the time for filing an appeal.
We reverse the order affirming the appeals referee's determination that the appeal was untimely. We adopt the reasoning of Ebersol v. Unemployment Appeals Commission, 845 So.2d 945, 947 (Fla. 5th DCA 2003), which states:
[T]he Commission rules expressly permit a party to file a request for an appeal by facsimile. While as a general proposition, a party such as Ebersol is deemed to assume the risk of transmission difficulties associated with faxes, the record here contains a fax history report reflecting that Ebersol did indeed fax a document to the agency on June 28, 2002, or well within 20 days of the date of the appeals referee's decision. While the Commission did not docket any request for appeal within this 20 day period, the record is completely silent as to whether this was because the fax was not received by the Commission or because the Commission received the fax but was remiss in not docketing the request. To simply accept the Commission's position that Ebersol bears the risk in either circumstance would excuse the agency from developing careful procedures for docketing faxed requests for appeals which it receives. We are more inclined to embrace a salutary rule that where a claimant makes an evidentiary showing that he did, in fact, timely and correctly direct a fax of a request to appeal to the Commission, an issue of fact is created as to whether the Commission received the request for timely docketing.
(Footnote omitted). Applying those principles to this case, appellant produced evidence that she timely and correctly faxed her notice of appeal to the Office of Appeals. Therefore, the referee should have determined that her appeal was timely.
*1183 Reversed and remanded for further proceedings.
KLEIN and SHAHOOD, JJ., concur.