STRINGER, Judge.
Lonnie Langworthy seeks review of the Unemployment Appeals Commission’s (“UAC”) order which affirmed the appeals referee’s decision denying unemployment benefits. Langworthy argues that the appeals referee erred in dismissing his appeal for lack of jurisdiction based on the untimely fax stamped received date on the request for hearing. We agree and reverse.
On September 12, 2002, the Agency for Workforce Innovation (the Agency) denied Langworthy’s entitlement to unemployment benefits in a notice of determination. Section IV of the notice, entitled “Appeal *1188 Rights of the Notice of Determination” states in part:
This determination will become final unless you request a hearing within twenty 20 days from the mailing date of this notice explaining the basis of the protest. ... Your request must be filed in writing by mailing a letter ... or faxing a letter.... The postmark or fax stamped received date shall be the date of filing.
Langworthy therefore had until October 2, 2002, to file his request for hearing. Langworthy testified that on Monday, October 1, 2002, his wife faxed a request for hearing to the UAC’s Tallahassee office. However, the stamped receipt date on the fax is October 3. Also on October 1, 2002, Langworthy’s wife sent the request via certified mail to the local unemployment office in St. Petersburg. The letter was not received until October 3, and Langwor-thy did not present evidence of the letter’s postmark.
The appeals referee subsequently dismissed the appeal for lack of jurisdiction because the request for hearing was filed untimely. The UAC affirmed the referee’s decision, and Langworthy sought review of the UAC’s order in this court. Langwor-thy argues that the appeals referee erred in dismissing the appeal for lack of jurisdiction because Langworthy presented evidence that the request for hearing was timely faxed to the UAC.
Under Florida Administrative Code Rule 60BB-5.005(3), “[ajppeals filed by ... facsimile shall be considered to have been filed when date stamped received at the authorized location.” While this language appears to be mandatory, the courts have carved an exception for cases when the claimant proves that he or she successfully transmitted a fax within the time provided in the rule. See Mendelsohn v. Fla. Unemployment Appeals Comm’n, 851 So.2d 208 (Fla. 1st DCA 2003); Reynolds v. SV Cent. Dania Props., Inc., 849 So.2d 1181, 1182 (Fla. 4th DCA 2003); Ebersol v. Unemployment Appeals Comm’n, 845 So.2d 945, 947 (Fla. 5th DCA 2003).[1]
In Ebersol, the appeals referee summarily dismissed the claimant’s appeal as late because it was docketed after the deadline. Id. at 946-47. The claimant asserted that he had faxed the request for hearing prior to the deadline and provided a fax history report that corroborated his assertion. Id. at 947. The Fifth District held that if a claimant provided evidence to show that he timely requested an appeal via facsimile, an issue of fact is created that must be resolved by the appeals referee. The court explained:
While as a general proposition, a party such as [the claimant] is deemed to assume the risk of transmission difficulties associated with faxes, the record here contains a fax history report reflecting that [the claimant] did indeed fax a document to the agency ... well within 20 days of the date of the appeals referee’s decision. While the Commission did not docket any request for appeal within this 20 day period, the record is completely silent as to whether this was because the fax was not received by the Commission or because the Commission received the fax but was remiss in not docketing the request. To simply accept the Commission’s position that [the claimant] bears the risk in either circumstance would excuse the agency from developing careful procedures for docketing faxed requests for appeals which it receives. *1189 We are more inclined to embrace a salutary rule that where a claimant makes an evidentiary showing that he did, in fact, timely and correctly direct a fax of a request to appeal to the Commission, an issue of fact is created as to whether the Commission received the request for timely docketing.

Id.

We adopt the “salutary rule” articulated in Ebersol because it comports with guarantees of procedural due process. The UAC has provided twenty days for a claimant to file a request for hearing, and rule 60BB-5.005(3) mandates that the date stamp on hand-delivered or faxed requests will be the date of filing. While the rule imposes a burden on the claimant to timely transmit a faxed request for hearing, it does not expressly impose a corresponding duty on the UAC to timely docket the request. We conclude that the UAC’s duty to timely docket a hand-delivered or faxed request is implicit. Thus, the party seeking relief via facsimile assumes the risk of transmission difficulties but is relieved of the burden upon receipt of the request for hearing by the UAC. As noted by the Fifth District in Ebersol, placing the burden of ensuring that the request is docketed on the claimant “would excuse the agency from developing careful procedures for docketing faxed requests for appeals which it receives.” 845 So.2d at 947.
When Langworthy informed the referee that his wife timely faxed the request for hearing, the referee declined to entertain the argument, stating, ‘Well, what we’re required to do is use the fax stamped date as the date of filing.... And the stamp-fax stamped [sic] receipt date is October 3rd, which is too late.” In the appendix to his appellate brief, Langwor-thy included the fax transmission report which indicates that the request for hearing was faxed on October 1, 2002, the day before the expiration of the statutory time in which to file the request. Additionally, the request for hearing in the record contains a printed transmittal date of October 1. While the UAC presented evidence that the request was docketed on October 3, 2002, it presented no evidence that the fax was not transmitted on October 1, 2002.
Accordingly, the appeals referee erred in dismissing Langworthy’s appeal for lack of jurisdiction based on the fax stamped received date on the request for hearing. We therefore reverse and remand with directions for the appeals referee to conduct a hearing on the timeliness of the appeal based on the dictates of Ebersol.
Reversed and remanded.
SALCINES and VILLANTI, JJ„ Concur.

. We note that neither the appeals referee nor the UAC had the benefit of these cases at the time of their decisions.