PER CURIAM.
Appellant, Gold Coast Eagle Distributing, Inc. (Gold Coast), seeks review of an order of Appellee, the Unemployment Appeals Commission (UAC), which affirmed the appeals referee’s dismissal of Gold Coast’s appeal as untimely filed. We reverse and remand for further proceedings consistent with this opinion.
The claimant, Appellee Scott Sawin, was granted unemployment benefits by notice mailed August 12, 2002, after he was discharged from employment with Gold Coast. At a hearing on the determination, the appeals referee stated that although Gold Coast’s notice of appéal was dated August 14, 2002, the appeals office did not receive the faxed notice of appeal within the time limitations set forth in Florida Administrative Code Rule 60BB-5.005(1). Gold Coast presented as evidence of a timely appeal a fax confirmation which reflected that its notice of appeal was successfully transmitted by fax to the appeals office on August 14, 2002. The appeals referee, however, found that it did not have jurisdiction to hear the case because the notice of appeal was not timely filed. The UAC affirmed the decision of the appeals referee.
We find that a fax confirmation is sufficient to create a question of fact as to whether a faxed notice of appeal was timely filed. Upon a party’s submission of such evidence, the burden shifts to the appeals office to demonstrate that the appeal was not timely filed. See Langworthy v. Unemployment Appeals Comm’n and Communication Installation & Cisco, 858 So.2d 1187 (Fla. 2d DCA 2003). Accordingly, we reverse and remand with directions for the appeals referee to conduct a hearing on the timeliness of the appeal consistent with this opinion. See also Nickolanr-Barron v. Florida Unemployment Appeals Comm’n, 859 So.2d 594 (Fla. 1st DCA 2003).
BARFIELD, ALLEN and DAVIS, JJ., concur.