SHAHOOD, J.
Based on the authority of Reynolds v. SV Central Dania Properties, Inc., 849 So.2d 1181 (Fla. 4th DCA 2003), and Ebersol v. Unemployment Appeals Commission, 845 So.2d 945 (Fla. 5th DCA 2003), we hold that appellant’s appeal was timely filed where it was filed by facsimile transmission on the appeals deadline expiration date.
Appellant, Erie Mae Stanley, applied for and was denied unemployment compensation benefits by a claims adjudicator on July 19, 2002, on the ground that she was discharged for misconduct connected with work. Appellant attempted to appeal this determination by faxing her handwritten appeal request to Tallahassee on August 8, 2002, the last date to file a timely appeal.
In concluding that appellant filed an untimely appeal, the appeals referee made the following findings of fact:
The claims adjudicator issued a determination dated July 19, 2002, holding the claimant disqualified for unemployment benefits. The determination states that it “will become final unless you request a hearing within 20 days from the mailing date of this notice.” The determination further states that the postmark shall be the date of filing by mail and the “fax stamped received date shall be the date of filing” by fax. The last date to file a timely appeal was August 8, 2002. The claimant faxed a letter of appeal to the agency on August 8, 2002, from a Kin-ko’s store; however, when she followed it up with a phone call to the agency a couple of days later, she was told that the fax was not received. It was suggested that the claimant file the appeal by mail. The claimant sent her letter of appeal, by mail, on August 12, 2002 and again on August 23, 2002. She refaxed her letter to the agency on August 21, 2002.
In its conclusions of law, the appeals referee stated in part as follows:
The evidence in this case shows that the agency received three copies of the claimant’s letter of appeal, two by mail postmarked August 12 and August 23, 2002, and one by fax received on August 21, 2002. All three of those letters are untimely as they were filed past the August 8, 2002 deadline. The letter that was faxed on August 8, 2002 was not received by the agency. As noted in Unemployment Appeals Commission Order No. [01]—05112, “An appeal sent by facsimile is filed when it is received, not when it is sent or attempted to be sent.” Consequently, it is concluded that the claimant’s appeal is untimely and the *1162 referee is without jurisdiction to consider the merits of the case.
Appellant appealed that decision to the Unemployment Appeals Commission (UAC), which, after review, affirmed the appeals referee’s decision. The UAC concluded that the record adequately supported the referee’s findings and that its conclusion was a reasonable application of the law to the facts of the case.
We reverse the order affirming the appeals referee’s determination that the appeal was untimely based on Reynolds and Ebersol. The appeals referee erred in denying appellant’s appeal as untimely without reviewing the evidence which supported her claim that she timely filed her appeal by facsimile transmission on the deadline date.
Recently, in Reynolds, 849 So.2d at 1182, the UAC affirmed an appeals referee’s determination that appellant had not timely filed her notice of appeal filed by fax transmission. The referee found that while the UAC rule requires receipt of the notice, appellant’s notice of appeal was not docketed in the UAC office within the time allowed for appeal. See id. However, the record contained a fax transmission report indicating that a four-page fax was successfully sent to the Office of Appeals within the time for filing an appeal. In reversing the appeals referee’s untimely determination, this court adopted the reasoning of Ebsersol which states:
[T]he Commission rules expressly permit a party to file a request for an appeal by facsimile. While as a general proposition, a party such as Ebersol is deemed to assume the risk of transmission difficulties associated with faxes, the record here contains a fax history report reflecting that Ebersol did indeed fax a document to the agency on June 28, 2002, or well within 20 days of the date of the appeals referee’s decision. While the Commission did not docket any request for appeal within this 20 day period, the record is completely silent as to whether this was because the fax was not received by the Commission or because the Commission received the fax but was remiss in not docketing the request. To simply accept the Commission’s position that Ebersol bears the risk in either circumstance would excuse the agency from developing careful procedures for docketing faxed requests for appeals which it receives. We are more inclined to embrace a salutary rule that where a claimant makes an evidentiary showing that he did, in fact, timely and correctly direct a fax of a request to appeal to the Commission, an issue of fact is created as to whether the Commission received the request for timely docketing.
845 So.2d at 947 (footnote omitted). See also Espanioly v. Fla. Unemployment Appeals Comm’n, 768 So.2d 1230 (Fla. 3d DCA 2000) (facsimile confirmation of request to reopen case provided sufficient evidence to establish timeliness of appeal to Unemployment Appeals Commission).
Here, the deadline for filing a timely appeal was August 8, 2002. According to the documentary evidence submitted by appellant, she faxed a letter of appeal to the agency on August 8, 2002, from a Kinko’s store. The transmission report submitted by appellant indicated that the facsimile was successfully transmitted to the agency. According to the appeals referee, when appellant followed up with a phone call a couple of days later, she was told that the fax was not received. As such, she filed an appeal by mail on August 12, 2002, and again on August 23, 2002, and refaxed her letter on August 21, 2002. The appeals referee concluded that all three subsequent letters and re-fax were untimely filed since they were filed *1163 past the August 8, 2002 deadline. At no time did the appeals referee make mention of the documentary evidence submitted indicating that her facsimile letter of appeal was successfully transmitted to the agency on the August 8, 2002, deadline date.
While the appeals referee made reference to the fact that appellant was told that her fax was not received by the agency, her documentary evidence supports her claim that the transmission was successful. In light of Reynolds, Ebersol and Espanioly, such evidence has been held sufficient to establish timeliness.
We accordingly reverse and remand with directions that appellant’s appeal be reinstated.
REVERSED AND REMANDED.
STONE and HAZOURI, JJ., concur.