In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3721

MONCEF LAOUINI,

*Plaintiff-Appellant,*

*v.*

CLM FREIGHT LINES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:07-cv-1051-SEB-TAB—**Sarah Evans Barker**, *Judge.*

ARGUED AUGUST 4, 2009—DECIDED AUGUST 20, 2009

Before FLAUM, KANNE, and WOOD, *Circuit Judges.*

FLAUM, *Circuit Judge.* The sole issue on appeal in this employment-discrimination lawsuit is whether the defendant, CLM Freight Lines ("CLM"), met its burden at summary judgment of proving that the plaintiff, Moncef Laouini, did not timely file a charge of discrimination with the EEOC. The agency's Indianapolis office accepts administrative charges of discrimination by fax, and plaintiff's counsel insists that he faxed Laouini's charge

during business hours on the final day for timely filing. A transmission record from counsel's fax machine confirms that he successfully faxed some document to the agency that day, but there is nothing in the agency's files evidencing receipt of counsel's fax. The district court concluded that Laouini could not prove that the charge had been timely filed and granted summary judgment for CLM. We vacate the judgment and remand for further proceedings.

## I. Background

Laouini, an Arab of Tunisian descent, worked as a truck driver for CLM from January 2005 until they terminated him on June 16, 2006. In August 2007 he sued CLM, claiming race and national-origin discrimination in violation of Title VII. In his complaint Laouini alleges that he "filed" a charge of discrimination with the EEOC on Thursday, April 12, 2007, the date the parties agree was the deadline for a timely charge. However, a "received" stamp on the charge in the EEOC's file shows that it was not processed by the agency's Indianapolis office until Monday, April 16, four days after the deadline. CLM thus moved to dismiss Laouini's complaint as time-barred and attached copies of the charge and the right-to-sue letter, which states that the agency was dismissing the charge as untimely.

In response Laouini submitted an affidavit from his lawyer, who avers that on April 12, 2007, he instructed his assistant to prepare a fax cover sheet to the EEOC and that either he or his assistant faxed that cover sheet

and Laouini's two-page administrative charge to the agency's Indianapolis office that day. The cover sheet includes a request that the charge be file-stamped as of April 12 and states that counsel mailed the original and a copy of the charge to the EEOC the same day. Laouini also submitted a copy of a printout from counsel's fax machine confirming that a three-page document had been successfully transmitted to an Indianapolis fax number at 4:05 p.m. on April 12, 2007. An affidavit from the supervisor who oversees charge-processing at the agency's Indianapolis office confirms that the office accepts charges of discrimination by fax and that the number on counsel's fax-transmission record is indeed the fax number attorneys are instructed to use for submitting charges. The supervisor also states that charges faxed before 4:30 p.m. are deemed filed as of that day, though she says nothing specific about Laouini's charge.

CLM then produced a copy of a brief internal memo from the EEOC's administrative file authenticated by the district director in Indianapolis. The memo, dated May 10, 2007, documents a conversation between an EEOC employee and Laouini's lawyer; during that discussion counsel recounted that his assistant had faxed the charge of discrimination on April 12, and the EEOC employee replied that there was "no evidence in the case file" indicating that Laouini's charge had been received on April 12. The employee told counsel that the only copy of the charge in the file was the one mailed on April 12 and received on April 16.

The district court converted CLM's motion to dismiss into a motion for summary judgment and concluded that

a factfinder could not reasonably conclude that Laouini's charge had been timely filed with the EEOC. According to the court, although the fax confirmation shows that something had been faxed from counsel's office to the EEOC on April 12, there was no evidence that the fax was actually received or that the document that had been faxed was Laouini's charge. The court found it significant that Laouini's lawyer could not say with certainty that he personally fed the charge into the fax machine. The court also reasoned that, because there was evidence that faxes received by the EEOC's Indianapolis office before 4:30 p.m. are deemed filed the same day, and Laouini's charge was not file-stamped until it arrived in the mail on April 16, the fax was never received. Finally, the court declared that, although the local EEOC office allows filing by fax, EEOC regulations do not expressly approve of this method, and so any lawyer who submits a charge by fax "acts at his or her peril."

## II. Discussion

Before bringing a lawsuit under Title VII, Laouini was required to file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). Because Indiana is a "deferral state," meaning it has a state agency with enforcement powers parallel to those of the EEOC, Laouini had 300 days from the alleged unlawful employment practice to file a timely charge. *See id.*; 29 C.F.R. § 1601.80; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994); *Gilardi v. Schroeder*, 833 F.2d 1226, 1230 (7th Cir. 1987). Failure to timely file an administrative charge is

an affirmative defense, and the burden of proof at summary judgment therefore rests on the defendant. *See EEOC v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 596 (7th Cir. 2009); *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921-22 (7th Cir. 2007). Summary judgment thus was appropriate only if CLM demonstrated the absence of a genuine factual dispute over whether Laouini's charge had been timely filed. *See Lucero v. Nettle Creek Sch. Corp.*, 566 F.3d 720, 728 (7th Cir. 2009). We review de novo a grant of summary judgment, construing all facts and inferences in the light most favorable to the nonmoving party. *Id.*

On appeal Laouini argues that there is a genuine factual dispute about the timeliness of his charge and thus the district court erred in granting summary judgment for CLM. As Laouini points out, the relevant administrative regulation provides that a charge is "deemed to be filed with the Commission *upon receipt*" and is timely if "*received* within 300 days from the date of the alleged violation." 29 C.F.R. § 1601.13(a)(4)(ii)(A) (emphasis added). Because he submitted evidence from which a reasonable factfinder could conclude that the local EEOC office *received* the charge by fax on April 12, he argues, CLM's evidence that the charge was not *processed* until four days later is insufficient to warrant summary judgment. CLM responds that "proof that a message has successfully exited one fax machine is not proof that the message was successfully received by another fax machine." And, CLM contends, because Laouini submitted no other evidence that the fax was received on April 12, no reasonable factfinder could conclude that the charge was timely.

This case, then, turns in part on the evidentiary significance of a fax confirmation generated by the sender's machine, an issue we have not previously addressed. Although CLM insists that such a confirmation is "no evidence" of receipt, the company does not cite any authority supporting this proposition or acknowledge that most courts to address the issue have concluded otherwise.

CLM first equates a fax transmission with a common letter and asserts that the confirmation generated by counsel's fax machine "no more proves receipt of the charge than a postmark proves receipt of a letter." Apart from the fact that this analogy does not support what a fax confirmation is, the comparison to a letter actually undermines CLM's position because it is well-established that evidence of proper mailing raises a rebuttable presumption of delivery. *See Vincent v. City Colls. of Chi.*, 485 F.3d 919, 922-23 (7th Cir. 2007) ("Evidence of mailing is evidence of delivery."); *In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974) ("[A] timely and accurate mailing raises a rebuttable presumption that the mailed material was received, and thereby filed."). Several courts have drawn on this presumption, either explicitly or implicitly, to conclude that a fax confirmation generated by the sender's machine similarly creates a rebuttable presumption that the fax was received by the intended recipient. *See Stevens Shipping & Terminal Co. v. Japan Rainbow II MV*, 334 F.3d 439, 444 (5th Cir. 2003) (explaining, in maritime-lien dispute, that fax confirmation of successful transmission raises presumption of receipt because faxes are a "reliable and customary method of communi-

cating in the shipping business"); *Erwin v. Town of Jena*, 987 So. 2d 281, 285 (La. Ct. App. 2008) (adopting presumption of receipt and explaining that faxes are "generally accepted as a vital means of communication in modern technological culture" and "the judicial world has recognized that fax transmissions are reliable and trustworthy" (internal quotation marks and citations omitted)); *Renegade Oil, Inc. v. Progressive Cas. Ins. Co.*, 101 P.3d 383, 385-86 (Utah Ct. App. 2004) (noting rebuttable presumption of receipt and declining to adopt rule that "all risk of communication by fax transmission is borne by the sender and not by the receiver"); *American Paging of Tex., Inc. v. El Paso Paging, Inc.*, 9 S.W. 3d 237, 240 (Tex. App. 1999) (concluding that "[a]dmission of evidence showing a telephonic document transfer to the recipient's current telecopier number" gives rise to presumption of receipt). The presumption of receipt has also been applied to telegrams, *see Wagner Tractor, Inc. v. Shields*, 381 F.2d 441, 446 (9th Cir. 1967); *Campbell v. Willis*, 290 F. 271, 273 (D.C. Cir. 1923), and to email, *see Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005); *SSI Med. Servs. v. State Dep't of Human Servs.*, 685 A.2d 1, 6 n.1 (N.J. 1996).

Other courts, although stopping short of adopting a rebuttable presumption of receipt, have concluded that a fax confirmation at least creates an issue of fact about whether the fax was received. *See Lincoln Gen. Ins. Co. v. Access Claims Adm'rs, Inc.*, 596 F. Supp. 2d 1351, 1364-65 (E.D. Cal. 2009); *Ebersol v. Unemployment Appeals Comm'n*, 845 So. 2d 945, 947 (Fla. Dist. Ct. App. 2003); *cf. Kennell v. Gates*, 215 F.3d 825, 829 (8th Cir. 2000) (explaining that

factfinder may infer that "information sent via a reliable means," including fax, was received, so long as the means of communication is "accepted as generally reliable" and "the particular message is properly dispatched"). In a scenario nearly identical to the one here, the court in *Ebersol* explained that just because an agency does not process a request does not mean that the agency never received the faxed document communicating that request. 845 So. 2d at 947. To conclude otherwise, the court reasoned, would excuse agencies that permit filing by fax from developing careful procedures for docketing such filings. *Id.*

The few cases that, at first blush, appear to lend support to CLM's position ultimately are of little help. The Federal Circuit, for example, has said that, "[p]roof of message exit from a transmitting machine cannot serve as a proxy for proof of actual receipt of the sent message by a remote receiving terminal." *Riley & Ephriam Constr. Co. v. United States*, 408 F.3d 1369, 1372-73 (Fed. Cir. 2005). That proposition is true enough in the abstract, but it describes neither the case before this court nor even the facts before the Federal Circuit. In *Riley & Ephriam*, the United States sought to establish that a contractor had failed to timely appeal the denial of its claim as measured by the date on which the contracting officer purportedly sent the adverse decision by fax to the contractor's attorney. *Id.* at 1371. To prove that counsel actually received the fax, the government submitted a fax cover sheet, its own phone records showing a call to the fax number it had on file for counsel, and a (presumably hearsay) statement from the contracting officer re-

counting that the fax machine had indicated that the transmission was successful. *Id.* at 1372. The lawyer denied receiving the fax and stated that his firm's fax number had been changed before the date of the adverse decision. *Id.* at 1372. In concluding that the government's evidence was insufficient from which to infer receipt, the court noted that the government had not produced a confirmation of transmission from its fax machine and thus expressly declined to address whether such a confirmation would have raised a rebuttable presumption of receipt. *Id.*; *see also Home Mut. Fire Ins. Co. v. Hampton*, 986 S.W.2d 93, 94-95 (Ark. 1999) (concluding that affidavits stating that fax was successfully transmitted were insufficient evidence of receipt). We have found only one case where a court expressly held that a confirmation from the sender's fax machine was not evidence that the fax was received. *See Wandrey v. Etchison*, 210 S.W.3d 892, 894, 896 (Ark. 2005). This decision, however, does not explore the significance of a fax confirmation; instead, it rests entirely on the court's position that counsel submitting court filings by fax have a duty to follow up with the court clerk to ensure that a fax was received. *Id.* at 894-95.

Although fax confirmations may not always be conclusive proof of receipt, we believe that in this case—where it was not the plaintiff who had to prove receipt, but the defendant who had to prove the absence of receipt—the fax confirmation creates a factual dispute sufficient to preclude summary judgment. Whether it was plaintiff's counsel or his assistant who faxed the charge, the fax confirmation independently verifies that

a three-page document was sent from counsel's office to the EEOC before 4:30 p.m. on April 12, the final day for timely filing. As the district court observed, the confirmation itself does not prove the content of the document, but counsel swore in an affidavit that the fax consisted of Laouini's two-page charge and a cover sheet, and there is no evidence to undermine his representation.[1] And although at summary judgment the plaintiff did not present evidence establishing that confirmation of a successful transmission necessarily means that the document printed out on the other end, a reasonable factfinder could certainly infer as much. It is commonly understood that "success" in this context means that the two fax machines have performed an electronic "handshake" and that the data has been transmitted from one machine to the other. *See, e.g.*, INFORMATION SECURITY MANAGEMENT HANDBOOK 277 (Harold F. Tipton & Micki Krause eds., 6th ed. 2008) ("[O]ne significant advantage the fax has over other forms of data exchange is that the

---

[1] Although CLM has not raised the issue, there is a question whether counsel's role as a fact witness on this point is problematic. The Southern District of Indiana has adopted the Indiana Rules of Professional Conduct, *see* S.D. IND. LOC. R. 83.5(g), which prohibit a lawyer from serving as an advocate at a trial in which he is likely to be a necessary witness unless the testimony relates to an uncontested issue, relates to the nature and value of counsel's legal services, or disqualification of the lawyer would cause substantial hardship to the client, *see* IND. RULES OF PROF'L CONDUCT R. 3.7. Whether counsel would be a "necessary" witness at trial and whether any of the exceptions would apply are questions for the district court to address.

sender immediately knows if the transmission was successful. . . . [A]ll fax machines have the capability to print a fax confirmation sheet after each fax sent. This sheet confirms if the fax has been successfully transmitted . . . ."); *How to Understand Faxes*, http://www.how-to.com/article/details/160 ("Once your fax has been *delivered*, your system . . . will create a page with the end result of the transmission. If the fax was sent successfully, the page will say "Okay."); *How to Get Confirmation of a Sent Fax*, http://www.ehow.com/how_2015874_confirm-fax-sent.html ("A confirmation report is a document confirming that your faxes were sent and *received*.").

The fax confirmation is thus strong evidence of receipt, and, contrary to the district court's conclusion, CLM offered no evidence to meet its burden of proving non-receipt. In this court CLM asserts that the EEOC "denies ever having received the fax," but this representation mischaracterizes the evidence. The EEOC never "denied" anything; it simply offered up Laouini's file, which does not contain a faxed copy of the charge of discrimination. The district court concluded that this ended the factual dispute, but the court did not address the possibility that the charge was received but misplaced or simply discarded when the mailed copy arrived the following Monday. Indeed, CLM did not produce any evidence from the EEOC about its internal fax-handling and retention policies. The author of the memo in the EEOC file—the investigator assigned to review the merits of the charge—does not purport to have any involvement in the handling of fax transmissions received in his office, nor does the author of that memo say that he made any

effort to discuss with those who are responsible for in-coming faxes whether one was received from Laouini's lawyer or even whether any fax was received late in the afternoon on April 12. A bureaucratic officer's unin-formed belief that a document was not received is no more conclusive than a fax-transmission record indi-cating that it was. *Cf. In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988) (explaining that denial of receipt does not rebut presumption of mail delivery but creates question of fact); *Nimz Transp., Inc.*, 505 F.2d at 179 (concluding that absence of document in clerk's file is insufficient to rebut presumption that document mailed was "received, and thereby filed"). Because a reasonable factfinder could weigh the evidence in this case and conclude that the EEOC received Laouini's charge but simply lost, misplaced, or otherwise failed to timely process it, summary judgment was inappropriate.

Finally, CLM spends much of its brief arguing that a charge of discrimination submitted to the EEOC by fax can *never* be timely because the EEOC's regulations do not expressly authorize fax filing. CLM does not cite any regulation prohibiting fax filing (there is none), but cites instead to 29 C.F.R. § 1601.8, which governs where a charge of discrimination may be filed and says only that a charge "may be made in person or by mail at any office of the Commission or with any designated rep-resentative of the Commission." CLM did not raise this argument before the district court and it is therefore waived. *See Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007). In any event, the argument lacks merit. At the time of the disputed events, the EEOC's Indianapolis

office accepted charges of discrimination by fax, gave out a fax number designated for this purpose, and had a policy of processing faxed charges on the day of receipt. The cited regulation is silent on faxes, and, as Laouini points out, it addresses where, not how, to file a charge. The local agency's interpretation permitting charges of discrimination to be lodged by fax is reasonable and therefore is entitled to substantial deference from this court. *See Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 150 (1991); *Clancy v. Geithner*, 559 F.3d 595, 605-06 (7th Cir. 2009).

## III. Conclusion

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.