NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2013[*]
Decided February 15, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1815

| | |
|---|---|
| DENISE L. GATTO, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 11 C 6405 |
| INDIAN PRAIRIE SCHOOL DISTRICT 204, | |
|     *Defendant-Appellee*. | James F. Holderman, |
| | *Chief Judge*. |

## O R D E R

Denise Gatto appeals the dismissal of her employment-related claims against Indian Prairie School District 204, a public school district located in the western suburbs of Chicago. We affirm the judgment.

Gatto sued District 204 in September 2011, seeking $12 million in damages and a teaching job. After college she had worked in the district as a teacher's aide for about eighteen

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

months before resigning in March 2006. In her amended complaint Gatto alleges (and at this stage we accept her allegations as true) that District 204 forced her to resign and afterward retaliated (for what, we are not told) by providing negative employment references. She also says that District 204 reneged on a promise to give her a teaching position, breached an oral contract by disclosing confidential information from her personnel file, and hindered her efforts to find a teaching job elsewhere by lying to other school districts about her suitability for employment. Her last communication with District 204 occurred in early 2011, when the head of Human Resources refused to assist with Gatto's job search and recommended that she pursue a career path other than teaching.

The body of Gatto's amended complaint identifies no federal claim, but she attached a right-to-sue letter authorizing suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. A charge of discrimination submitted to the Equal Employment Opportunity Commission (EEOC) alleges discrimination based on her Italian heritage and retaliation (again, without saying for what). From this the district court understood Gatto to be claiming discrimination and retaliation in violation of Title VII, along with claims under Illinois law for defamation and breach of contract.

In dismissing the suit on District 204's motion, the district court first concluded that Gatto's discrimination claim is time-barred because she had resigned in March 2006 but did not file her administrative charge with the EEOC until June 2011. See 42 U.S.C. § 2000e-5(e)(1). Moreover, the court reasoned, the complaint fails to state a claim for discrimination because, even if giving negative employment references about a *former* employee can constitute an adverse *employment* action, Gatto's amended complaint does not identify her membership in a protected group. As for retaliation, the court recognized that a negative reference can constitute retaliatory conduct actionable under Title VII, see *Szymanski v. County of Cook*, 468 F.3d 1027, 1029 (7th Cir. 2006), but Gatto does not allege that she suffered retaliation on account of engaging in protected activity, see 42 U.S.C. § 2000e-3(a). On the state claims, the district court declined to exercise supplemental jurisdiction over the alleged contract breach involving Gatto's personnel file. But the court dismissed the two other state claims on the merits, reasoning that Gatto's amended complaint fails to state a claim for defamation, and that District 204's alleged breach of a promise to hire her as a teacher falls outside the 5-year statute of limitations for oral contracts.

On appeal, Gatto contends that her Title VII claims must be timely and also have merit because she demanded and received a right-to-sue letter. But Gatto misunderstands the point of that letter, which simply ended the EEOC's involvement without a resolution of her allegations. See 29 C.F.R. § 1601.28(a)(1); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002); *Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 881 (7th Cir. 1999). Having the letter could not salvage her discrimination claim because, as district court observed, she had waited more than five years

after her resignation to file a charge with the EEOC, long past the 300-day deadline applicable to claimants in Illinois. See 42 U.S.C. § 2000e-5(e)(1); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Pruitt v. City of Chicago*, 472 F.3d 925, 927 (7th Cir. 2006). And though failure to exhaust administrative remedies is an affirmative defense, *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009), the defense in this instance is obvious from the face of Gatto's amended complaint, see *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010). The outcome of Gatto's retaliation claim also is apparent, because nowhere in her complaint or EEOC charge does she allege that District 204 gave negative references in retaliation for a protected act, such as complaining about discrimination. Plaintiffs need not plead in great detail, see *Benuzzi v. Board of Educ. of Chicago*, 647 F.3d 652, 664 (7th Cir. 2011), but they must allege sufficient facts to suggest a plausible claim for relief and to notify defendants of the claims against them, see *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009). Gatto failed to meet that burden.

On her state-law claims, Gatto repeats her allegations of a breach of contract arising from disclosures of information contained in her personnel file, but she does not argue that the district court abused its discretion in relinquishing jurisdiction after dismissing her federal claims. See *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). Neither does Gatto argue that it was error to dismiss her defamation claim, which amounts to nothing more than a threadbare accusation that District 204 lied about her. See *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992) ("[Plaintiff's] failure to allege anything more than that the defendant lied in her letter, without even stating what those lies are, is simply not enough to state a claim for declaratory or injunctive relief.").

In this court Gatto does try to flesh out her contention that District 204 reneged on a promise to give her a teaching job. That promise, she tells us, was in writing and thus is governed by the 10-year statute of limitations applicable to written contracts, see 735 ILCS 5/2-606, not the 5-year statute cited by the district court, see 735 ILCS 5/13-205. What Gatto really means, however, is that District 204 had a written agreement *with her university* promising to help successful student teachers receive permanent teaching positions. Gatto does not allege in her complaint, and does not say here, that she was an intended beneficiary of the agreement between District 204 and her university, and thus she cannot sue to enforce that agreement. See *Kaplan v. Shure Bros., Inc.*, 266 F.3d 598, 601–02 (7th Cir. 2001); *Advanced Concepts Chicago, Inc. v. CDW Corp.*, 938 N.E.2d 577, 581 (Ill. App. Ct. 2010); *Estate of Willis v. Kiferbaum Constr. Corp.*, 830 N.E.2d 636, 642–43 (Ill. App. Ct. 2005).

We have reviewed Gatto's remaining contentions and conclude that none has merit.

AFFIRMED.