Judy Etchison WANDREY *v.* Marty ETCHISON

05-43                                           210 S.W.3d 892

Supreme Court of Arkansas
Opinion delivered June 23, 2005

*Law Offices of John VanWinkle, P.A.*, by: *Ian J. Gilbert*, for appellant.

*J. Hudson Shepard*, for appellee.

Tom Glaze, Justice. This appeal arises from a written order entered by the Domestic Relations Division of the Boone County Circuit Court on August 17, 2004. On August 20, 2004, counsel for appellant Judy Etchison Wandrey faxed a notice of appeal to the Boone County Circuit Clerk; the notice of appeal stated that the appeal was taken from the August 17, 2004, ruling and designated the entire transcript of the trial.[1] The fax cover sheet asked the circuit clerk to file the notice of appeal, and noted that a self-addressed, stamped envelope would follow via U.S. Mail for the return of the file-marked copy. A "message confirmation" from Wandrey's fax

---

[1] Rule 5(c)(2) of the Arkansas Rules of Civil Procedure authorizes the facsimile transmission of "any paper," and requires the clerk to "stamp or otherwise mark a facsimile

machine indicated that the fax was sent and received without a problem at 3:00 p.m. on August 20, 2004.

For unknown reasons, however, the August 20, 2004, notice of appeal was never file-marked by the clerk's office. Wandrey's counsel did not learn of this problem until November 18, 2004. It is not clear why, because her attorney purportedly sent a stamped envelope for the clerk to return to him a file-marked copy of the notice of appeal. Counsel never received a copy in the return envelope, nor did counsel contact the clerk to ask why no copy was ever mailed to him. Instead, he waited until the day he learned of the problem, November 18, 2004, to file a "Rule 60 motion to correct misprision of clerk and amended motion for extension of time to lodge transcript." In this motion, Wandrey alleged that counsel had made a good-faith attempt to file the notice of appeal, and could not explain how the notice was not file-marked after the clerk received it. Wandrey asked the court to enter an order directing that the notice of appeal be entered *nunc pro tunc* to reflect that the notice was received and filed as of the date faxed, in order to correct the "clerical error" of not filing the notice. In addition, Wandrey asked that the court extend the time for filing the record with this court by another ninety days, because the court reporter had not yet completed the transcript.

The trial court entered an order on November 18, 2004, noting that Wandrey had complied with the requirements of Ark. R. App. P. – Civ. 5 for obtaining an extension of time, and stating that the court would grant the extension, but for the fact that the official file did not contain the notice of appeal that allegedly had been faxed on August 20, 2004. The court further pointed out that, in addition to the fact that the clerk had not received the faxed copy of the notice of appeal, there was no evidence that the original copy of the notice had ever been received by that office. Therefore, the court dismissed and denied Wandrey's request for both the *nunc pro tunc* order and the extension of time for lodging the record.

On appeal, Wandrey argues that the trial court erred in denying her Rule 60 motion and in denying her motion for

---

copy as filed on the date and time that it is received on the clerk's facsimile machine during the regular hours of the clerk's office or, if received outside those hours, at the time the office opens on the next business day."

extension of time. The granting or refusing of a motion seeking entry of an order *nunc pro tunc* rests in the sound discretion of the lower court; on appeal, we will not reverse the action of the lower court in refusing to make the order *nunc pro tunc* unless there was either a clear abuse of discretion, or no substantial legal evidence to support the ruling of the lower court. *Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995). In considering the sufficiency of the evidence to sustain an order directing or refusing to direct a *nunc pro tunc* entry, this court will follow the usual rule governing review of questions of fact and will not disturb the ruling below if it is sustained by any substantial evidence. *Id.*

In her first argument on appeal, Wandrey argues that the trial court abused its discretion in denying her Rule 60 motion, wherein she asked the trial court to enter an order *nunc pro tunc* to have the record reflect that her notice of appeal was filed as of August 20, 2004, the date it was faxed to the clerk's office. She argues that she presented sufficient evidence to the trial court to support her request. That evidence included the fax confirmation sheet from her attorney's fax machine; an affidavit from her attorney stating the steps he took to file the notice of appeal by fax; and a letter from Linda Adams, the Boone County Circuit Court Reporter, in which Adams stated that she had received payment for the transcript, but had not had the opportunity to finish the transcript.

On the basis of these documents, Wandrey asserts that the notice of appeal "was drafted, faxed, and received by the Boone County Circuit Clerk's office on August 20, 2004, at 3:00 p.m., as evidenced by the fax confirmation sheet." Wandrey states she is "at a loss" as to how to explain that a copy never made it to the court's file in this matter. As an initial matter, we note that the transmission of documents by fax does not relieve an attorney of his duty to ensure that documents that must be timely filed are timely received. *See Home Mutual Fire Ins. Co. v. Hampton*, 336 Ark. 522, 986 S.W.2d 93 (1999) (evidence that a posttrial motion had been *transmitted* by facsimile machine was insufficient to prove that the faxed document had been *received* by clerk's office); *Tracor/MBA v. Flowers*, 41 Ark. App. 186, 850 S.W.2d 30 (1993). Thus, it is clear that it was counsel's responsibility to follow up on the filing of the notice of appeal to determine the date on which the notice was received and file-stamped. *See Tarry v. State*, 353

Ark. 158, 114 S.W.3d 161 (2003). Such an error is not a "clerical error" or "misprision of the clerk" that can be cured with a Rule 60 motion.

However, even assuming that Wandrey's error were subject to being corrected with a Rule 60 motion, she is still not entitled to relief. It is true that this court has held that a trial court may, under Rule 60(a), correct a clerical error at any time. *See, e.g., Holt Bonding Co., Inc. v. State*, 353 Ark. 136, 114 S.W.3d 179 (2003); *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001); *Taylor v. Zanone Properties*, 342 Ark. 465, 30 S.W.3d 74 (2000); *Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999). However, in *Rossi v. Rossi, supra,* this court addressed a situation similar to the one in the instant case and held that the trial court did not abuse its discretion in refusing to enter an order *nunc pro tunc* to make the record reflect that a notice of appeal was timely filed. There, a final divorce decree was entered on December 27, 1993, but appellant's counsel did not file the notice of appeal within thirty days. On April 8, 1994, counsel filed a motion entitled "Rule 60 Motion to Correct Misprision by the Clerk," in which counsel asserted that his courier had erroneously delivered the notice of appeal to the circuit clerk's office — rather than to the chancery clerk's office — on January 21, 1994. Counsel further asked the chancellor to enter a *nunc pro tunc* order providing that the notice of appeal was filed in the chancery clerk's office on January 21, 1994. The chancellor refused, and this court affirmed, holding that "substantial compliance" with Rules 3 and 4 of the Rules of Appellate Procedure was not sufficient. The court continued as follows:

> While it is true that some irregularities in the form of a timely notice of appeal do not deprive the appellate court of jurisdiction, the failure to give the notice in a timely manner is fatal to an appeal. *Henderson Methodist Church v. Sewer Improvement Dist. No. 142,* 294 Ark. 188, 741 S.W.2d 272 (1987). Here, the courier was an agent or employee of the attorney, and it was his fault that the notice of appeal was not timely filed with the clerk of the court that entered the judgment.

> Appellant asks us to make an exception in this case because, he contends, a clerical error by the circuit clerk was the reason for his failure to timely give the notice of appeal to the chancery clerk, and, since it was the circuit clerk's error, the chancellor erred in refusing to order that a notice of appeal be entered *nunc pro tunc.* The request for an exception in this case is without merit.

> The error was not merely an error by the circuit clerk. It was an error by the attorney. *Nunc pro tunc* orders *are not to correct errors by an attorney. It is the duty of the attorney, not of the clerk, to perfect an appeal.* Edwards v. City of Conway, 300 Ark. 135, 777 S.W.2d 583 (1989).

*Rossi*, 319 Ark. at 374-75 (emphasis added).

In addition, the *Rossi* court held that the trial court did not abuse its discretion in refusing to grant the *nunc pro tunc* order, noting that a trial court may "enter a *nunc pro tunc* when the record is being made to reflect that which occurred but was not recorded due to a misprision of the clerk, but a court may not change the record to do that which should have been done but was not." *Id.* at 376. The court in *Rossi* stated further that if Rossi had given the court reporter a copy of the notice of appeal within the thirty-day period, relief might have been afforded, but because Rossi did not do so, the court ruled that it would not change the record to that which should have been done but, in truth, was not done. *Id.*

█ We reach the same result in the present case. Wandrey argues that she faxed the notice of appeal to the circuit clerk's office, so she concludes that the fact that the notice was not filed clearly must have been the clerk's fault. However, that excuse did not prevail in *Rossi*, and it does not prevail here. The error was the attorney's, because counsel could — and should — have called the clerk's office and double-checked to make sure the faxed notice of appeal had been received and file-marked. *See Tarry, supra.* As stated above, *nunc pro tunc* orders are not to correct errors by an attorney, nor are they intended to make the record reflect something that did not happen (here, the filing of the notice of appeal in the clerk's office). As such, the trial court did not abuse its discretion in denying Wandrey's motion for a *nunc pro tunc* order.

█ In her second point on appeal, Wandrey argues that the trial court erred in denying her motion for extension of time to lodge the record. However, whether Wandrey's motion comported with Appellate Rule 5 is irrelevant, because the notice of appeal was untimely. A timely notice of appeal is a jurisdictional requirement. *See Stacks v. Marks,* 354 Ark. 594, 127 S.W.3d 483 (2003); *Craig v. Carrigo,* 353 Ark. 761, 121 S.W.3d 154 (2003); *Dodge v. Lee,* 350 Ark. 480, 88 S.W.3d 843 (2002); *Weems v. Garth,* 338 Ark. 437, 993 S.W.2d 926 (1999); *Rossi v. Rossi, supra.* Lacking a timely notice of appeal, the court has no jurisdiction to consider

other issues raised on appeal. *See ARKCO Corp. v. Askew*, 360 Ark. 222, 200 S.W.3d 444 (2004); *U.S. Bank v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003).

Affirmed.