SLIP OPINION

Cite as 2015 Ark. 5

# SUPREME COURT OF ARKANSAS

No. CR-14-742

| | |
|---|---|
| ISRAEL TODD WATSON | **Opinion Delivered** January 15, 2015 |
| APPELLANT | DETERMINATION OF ATTORNEY FAULT |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | REFERRAL TO THE SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT ORDERED. |

## PER CURIAM

By per curiam dated October 2, 2014, we directed the clerk to accept Israel Todd Watson's belated appeal, but remanded this case to the circuit court for a determination of attorney fault. Pursuant to this court's order, the circuit court made findings of fact on the issue of attorney fault in failing to timely file the record on appeal. We conclude that there is attorney fault and direct that a copy of this per curiam be sent to the Supreme Court Committee on Professional Conduct.

The circuit court's findings are as follows. Israel Todd Watson, through his trial counsel, Darrell Brown, Jr., filed a timely notice of appeal on October 2, 2013. By letter dated October 16, 2013, the court reporter notified Brown that financial arrangements should be made as soon as possible since this was not an indigence case, and the lengthy transcript would need to be started in the very near future. On December 13, 2013, Brown filed a motion to extend time to file the record. By order entered December 18, 2013, the time to

file the record was extended until April 19, 2014.

On April 15, 2014, Brown filed a second motion to extend time for filing the record. The circuit court stated that it had "mistakenly" granted the extension, because, pursuant to Rule 4(c)(2) of the Arkansas Rules of Appellate Procedure–Criminal, the limit of seven months to file the transcript would have expired on April 19, 2014. Pursuant to Rule 4(c)(3) of the Arkansas Rules of Appellate Procedure–Criminal, Brown should have filed his second motion for extension of time with the appellate court. Brown also did not file the motion to find Watson indigent simultaneously with the motion to extend time. Watson's petition was not filed until July 25, 2014.

In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is good reason. *Id*. at 116, 146 S.W.3d at 891. When it is plain from the motion, affidavits, and record that relief is proper under either rule based on error or good reason, the relief will be granted, and if there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id*. Because the failure to perfect this appeal lies with Watson's trial counsel, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *See id*.

It is so ordered.