Cite as 2024 Ark. App. 468

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-22-816

| | |
|---|---|
| DANNY CLARK | **Opinion Delivered** October 2, 2024 |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| V. | [NO. 18CV-20-155] |
| ARKANSAS STATE BOARD OF HEALTH | HONORABLE RICHARD LUSBY, JUDGE |
| APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Danny Clark appeals from an order of the Crittenden County Circuit Court affirming the decision of the Arkansas State Board of Health to revoke his water-operator license. Clark argues on appeal that the Board's order was a violation of due process, violated statutory provisions, and was not supported by substantial evidence. We find no error and affirm.

Clark is a water-systems operator and manager of Earle Water Company. Water-system operators must be licensed by the Arkansas Department of Health (the "Department") under Ark. Code Ann. §§ 17-51-101 to -205 (Repl. 2018 & Supp. 2023) and under the Board of Health's Rules and Regulations Pertaining to Water Operator Licensing. The Board may revoke an operator's license "for cause" under Ark. Code Ann. § 17-51-103(a)(3) (Supp. 2023). The duties of the Drinking Water Advisory and Operator Licensing

Committee (the "Committee") include advising the Board about revoking licenses. Ark. Code Ann. § 17-51-105 (Supp. 2023). On September 19, 2019, after a hearing, the Committee revoked Clark's license upon a finding that he practiced fraud or deception.

Clark testified that he has had to collect water samples three times. The collection procedure requires Clark to leave a container with the customer overnight, have the customer fill the sample container the next morning after six hours of nonuse from an inside tap used for consumption, sign the collection sheet, and then deliver the sample to the health-department courier. The notice for testing tells operators to copy the sampling instructions for each customer who will collect a sample and states, "Samples must be collected from an indoor tap typically used for consumption. Usually, the kitchen or bathroom sinks." Clark admitted that was not done for the samples he provided in Earle in September 2018.

The instructions for the homeowners tell them to complete and sign the collection form. The form has the homeowner report when the water was last used and then a date and time the sample is collected. The form states, "I have read the above instructions and have taken this tap sample in accordance with said instructions." The form also states, "This form must be completed by each person collecting a sample and submitted to the Department of Health with the sample collection report." On the forms Clark submitted, the homeowner's name is printed at the top, but on the signature line, the names of the homeowners are in cursive. Clark admitted he took the water samples at the faucets outside the homes rather than have the homeowners take the samples from an inside faucet as

2

required. He conceded that that was not the proper procedure. Clark stated he was under a time crunch, so he went to each house and did it that way. He stated because he lost all his files when his office flooded in 2017, he got up at 5:00 a.m. and took the samples himself because the health-department courier was picking up the samples at noon that day. Clark, in the presence of his employees, then completed and signed a form titled "Certification of Collection Method." The form states, "I certify that I have given the above instructions to each resident who collected tap water samples for lead and copper analysis." Clark admitted that his certification was untrue. He alleged that he did not "sign" people's names to suggest it was their signature; he wrote the names to indicate who they were. Clark claims the violations were brought to the Department's attention by a disgruntled former employee Clark had fired.

The Engineering Section of the Arkansas Department of Health investigated claims made by Earle residents that their signatures were falsified during the lead and copper sampling conducted by Clark on behalf of the Earle Water System in September 2018. Engineering requested an investigation be conducted by the City of Earle and that the city officials provide documentation to the Engineering Section. In the telephone interview with Clark on May 2, 2019, Trent Gephardt, Jake Chapman, George Stein and Mayor Jaylen Smith were present. Clark admitted he did not follow proper sampling procedure, he did not follow the sample site plan, and he also reconfirmed that he wrote inaccurate times on the collection-report forms. He alleged that it was not intentional. He failed to tell investigators that he signed the homeowners' names on the collection forms without their

3

knowledge. On June 25, 2019, Jake Chapman and Trent Gephardt again met with Clark to discuss the lead and copper samples taken in 2018. Specifically, Gephardt asked Clark if he had signed the homeowners' names on the forms. Clark said yes. When asked how many of the sample forms he signed, Clark stated he had signed all of them.

After the hearing, the Committee determined that Clark did submit falsified signatures during the lead and copper sampling on behalf of the Earle Water Company. The Committee issued its decision on January 6, 2020, recommending revocation of Clark's license. The Committee unanimously found that these actions qualify as fraud or deception as presented in section (XII)(D)(1) of the Arkansas State Board of Health Rules and Regulations Pertaining to Water Operator Licensing,[1] and the Committee further provided that Clark would be immediately eligible to participate in the training courses required for license-examination eligibility and would be eligible to sit for the required relicensure examinations after a period of six months. The Board adopted the Committee's findings and recommendations on January 23, 2020.

For his first point on appeal, Clark argues that the Board's order violates due process for four reasons: First, the lack of a definition for "fraud" and "deception" renders the rules unconstitutionally vague; second, the admission of hearsay into evidence violates due process; third, a vague statute, rule, or regulation violates due process; and fourth, licensed professionals may not be deprived of their licenses without due process. Clark failed to make

---

[1] *See* 007.18.02-001 Ark. Admin. R. & Regs. § XII, available at http://170.94.37.152/REGS/007.18.02-001F.pdf.

4

these arguments to the Committee during the hearing where his license as a water operator was revoked. However, he did make an argument that due process was violated when he was not allowed to confront his accusers based on hearsay objections. We will address the due process argument regarding hearsay separately. A party is bound by the scope and nature of the arguments made at trial. *Lewis v. Robertson*, 96 Ark. App. 114, 239 S.W.3d 30 (2006). An administrative agency lacks the authority to decide the issue of the unconstitutionality of a statute. *AT&T Commc'ns of the Sw., Inc. v. Ark. Pub. Serv. Comm'n*, 344 Ark. 188, 40 S.W.3d 273 (2001). The issue of the constitutionality of the statutes and regulations had to be raised before the board. *Ark. Contractors Licensing Bd. v. Pegasus Renovation*, 347 Ark. 320, 64 S.W.3d 241 (2001); *Ark. Tobacco Control Bd. v. Sitton*, 357 Ark. 357, 166 S.W.3d 550 (2004). We will not consider arguments made for the first time on appeal, even constitutional arguments, because doing so deprives the circuit court of the opportunity to fully develop the issue. *Reynolds v. Ark. Dep't of Hum. Servs.*, 2023 Ark. App. 287

Clark argues that the admission of hearsay into evidence violates due process because he was not able to confront his accusers. At the Committee hearing, the State introduced over Clark's hearsay objection the homeowners' affidavits stating they did not take water samples or sign the collection forms, the Department's memos and letters, a hearing summary, a letter from another homeowner alleging Clark's wrongdoing, and reports from persons who said they tested their own water. The Department doesn't contest that the documents that were introduced were hearsay. We have held numerous times that the rules of evidence are relaxed in an administrative proceeding. *Dyer v. Ark. Ins. Dep't*, 2015 Ark.

App. 446, 468 S.W.3d 303; *Curtis Pharmacy v. Ark. State Bd. of Pharmacy*, 2021 Ark. App. 500. Hearsay is normally admissible in administrative proceedings if it is reliable and probative. *Id.*; *Collins v. Ark. Bd. of Embalmers & Funeral Dirs.*, 2013 Ark. App. 678, at 8, 430 S.W.3d 213, 217–18. Moreover, our supreme court has held that hearsay evidence can constitute substantial evidence in an administrative proceeding. *Bailey v. Ark. State Bd. of Collection Agencies*, 373 Ark. 222, 226, 283 S.W.3d 206, 209 (2008). Clark was advised in the order and notice of hearing that he could offer witnesses and other evidence to support his position. Clark failed to subpoena the authors of the department memos, letters, and the homeowner affiants. Because Clark was given the opportunity to subpoena and call adverse witnesses but failed to do so, he cannot now successfully argue that his due process rights were violated. Ark. Dept. Hum. Servs. v. A. B., 374 Ark. 193, 286 S.W.3d 712. Clark cannot claim prejudice as a result of the hearsay admission because Clark himself admitted the facts averred in the hearsay affidavits, showing their reliability; thus, they were probative of the issues before the Committee. It was not an error to allow the hearsay into evidence, and furthermore, Clark was not prejudiced by the admission of the hearsay documents.

For his second point on appeal, Clark argues that the Board's decision violates statutory provisions, was made upon unlawful procedure, and was affected by other errors of law by claiming that the hearing officer improperly commented on the evidence. Clark's attorney objected to the hearing officer's characterizing the evidence. The hearing officer stated that he wasn't trying to characterize the evidence but to explain their role as factfinders. No further discussion was had, and no ruling was made regarding Clark's

objection to the characterization of the evidence. We have held many times that the burden of obtaining a ruling is on the movant, and objections and questions left unresolved are waived and may not be relied upon on appeal. *McDonald v. Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989). The circuit court must have the benefit of the development of the law by the parties to adequately rule on the issues. *Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296. In order to preserve a constitutional argument in an appeal from an agency decision, the constitutional issue must first be raised and developed at the administrative level. *Teston v. Ark. State Bd. of Chiropractic Exam'rs*, 361 Ark. 300, 206 S.W.3d 796 (2005). We will not consider an argument raised for the first time on appeal or that is fully developed for the first time on appeal. *Id.* Here, the Committee did not rule on the objection that the hearing officer was improperly commenting on the evidence, and the issue is not preserved for appeal.

For his final point on appeal, Clark argues that the Board's decision is not supported by substantial evidence and is arbitrary, capricious, and characterized by an abuse of discretion because Clark's actions did not involve fraud or deception.

Our standard of review in administrative-agency cases is well settled. We do not conduct de novo reviews on appeals from the Board. *Keener v. Dir.*, 2021 Ark. App. 88, at 1, 618 S.W.3d 446, 448. Instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *Id.*, 618 S.W.3d at 448. We accept the Board's findings of fact as conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as

7

adequate to support a conclusion. *Id.*, 618 S.W.3d at 448. Even when there is evidence on which the Board might have reached a different decision, our scope of judicial review is limited to a determination of whether the Board could have reasonably reached the decision rendered on the basis of the evidence presented. *Id.* at 1–2, 618 S.W.3d at 448. We defer credibility calls to the Board as the finder of fact as well as the weight to be accorded to testimony presented to the Board. *Id.* at 2, 618 S.W.3d at 448. While our role in these cases is limited, we are not here to merely ratify the decision of the Board. *Id.*, 618 S.W.3d at 448. Instead, our role is to ensure that the standard of review has been met. *Id.*, 618 S.W.3d at 448. The Board determines credibility, weighs the evidence, and resolves conflicts. *See Godwin v. Garland Cnty. Landfill*, 2016 Ark. App. 498, 504 S.W.3d 660. The Board is not required to believe the testimony of any witness but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. The review by appellate courts is directed not to the decision of the circuit court but to the decision of the administrative agency. *Hankins v. Dep't of Fin. & Admin.*, 330 Ark. 492, 954 S.W.2d 259 (1997).

In accordance with section VII.D of the Arkansas State Board of Health Rules and Regulations Pertaining to Public Water Systems,[2] Clark is required to comply with Act 333 of 1957 and Arkansas Code Annotated sections 17-51-101 to -205. The Engineering Section of the Arkansas Department of Health investigated claims made by Earle residents who

---

[2]*See* 016.24.07-001 Ark. Admin. R. & Regs. § VII, available at http://170.94.37.152/REGS/016.24.07-004P-8836.pdf.

8

claimed their signatures were falsified during the lead and copper sampling conducted by the Board on behalf of the Earle Water Company in September 2018. Engineering requested an investigation be conducted by the City of Earle and asked that city officials provide documentation to the Engineering Section. The Engineering Section received a response from the City of Earle on July 8, 2019. The response stated that seven of the ten residents claimed that their signatures were falsified. The residents provided the Earle mayor notarized statements that were admitted at the hearing. Also, an additional resident confirmed in a letter that his signature was falsified. Clark also provided a notarized statement in which he admitted he had falsified residents' signatures: "I then put down the names for the locations taken except for two employees that signed their sites."

The Committee determined Clark did submit falsified signatures during the lead and copper sampling on behalf of the Earle Water Company and that these actions qualify as fraud or deception as presented in section (XII)(D)(l) of the Arkansas State Board of Health Rules and Regulations Pertaining to Water Operator Licensing.

Our review is simple. If there is substantial evidence to support the agency's decision, we affirm the agency's decision. *Ark. Health Servs. v. Desiderata, Inc.*, 331 Ark. 144, 958 S.W.2d 7 (1998). To establish an absence of substantial evidence on appeal, the challenging party must demonstrate that the proof before the administrative agency was so nearly undisputed that fair-minded persons could not reach its conclusion. *Mitchell v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 162, 622 S.W.3d 644.

The Arkansas Board of Health has the duty to maintain the integrity of the testing procedures for water quality to ensure the health and safety of the public. Here, in reviewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact, we find that there is substantial evidence to support the Board's findings. Clark committed fraud and deceit by admitting that he falsified the homeowners' signatures and the collection times of the water samples. Clark admitted he ignored the clear instructions that the water samples must be collected by the homeowner from an inside tap used for consumption of water, he verified that the water had been collected properly when it wasn't, and he admitted that he falsely logged the collection times of the samples. Thus, Clark admitted having falsified the homeowners' compliance reports during all aspects of the collection process.

Clark's argument that the decision of the Board was arbitrary and capricious is also without foundation. *Collie v. Ark. State Med. Bd.*, 370 Ark. 180, 187, 258 S.W.3d 367, 372 (2007). To be invalid as arbitrary or capricious, an agency's decision must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Id.* Where the agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. *Id.* Giving the evidence its strongest probative force in favor of the agency's ruling, which we are required to do, *Ark. State Police Comm'n v. Smith*, 338 Ark. 354, 994 S.W.2d 456 (1999), we find that there is substantial evidence to support the findings of the Board. Because there is substantial evidence on the record to

support the Board's decision, the decision cannot be classified as arbitrary and capricious. *Mills v. Ark. Local Police & Fire Ret. Sys.*, 2024 Ark. App. 279, 688 S.W.3d 485.

Affirmed.

WOOD and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Reginald A. Rogers*, Deputy General Counsel, Arkansas Department of Health, for appellee.