Cite as 2025 Ark. App. 206

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-515

| | |
|---|---|
| RAYMOND BUZBEE, JR. | Opinion Delivered April 9, 2025 |
| APPELLANT | |
| | APPEAL FROM THE CALHOUN |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 07CV-20-37] |
| | |
| BLANN TRANSPORTATION, INC.; | HONORABLE SPENCER G. |
| DAVID BLANN; CHRISTINA D. | SINGLETON, JUDGE |
| DENTON; AND BLANN TRACTOR | |
| CO. | |
| APPELLEES | AFFIRMED |

## ROBERT J. GLADWIN, Judge

This is an appeal from an order of the Calhoun County Circuit Court that granted the motions to dismiss with prejudice filed by separate appellees Christina Denton ("Denton") and Blann Tractor Company ("Blann Tractor"); denied appellant Raymond Buzbee, Jr.'s ("Buzbee's"), motions to set aside orders granting summary judgment to separate appellees David Blann and Blann Transportation, Inc.; and denied Buzbee's motion for order nunc pro tunc. Buzbee maintains on appeal that the March 28, 2023 order of the circuit court, which effectively dismissed all the appellees from the matter with prejudice, should be reversed. We affirm.

I. *Background Facts*

This action concerns an automobile accident that occurred on December 12, 2017, in Calhoun County, Arkansas. The drivers involved were appellant Buzbee and a tractor-trailer driven by separate appellee Denton. The tractor-trailer was owned by separate appellee Blann Transportation but was leased to separate appellee Blann Tractor Company—Denton's employer. At the time of the accident, separate appellee David Blann was the owner of Blann Transportation.

Buzbee filed his original complaint in this matter on December 10, 2020. Buzbee's original complaint named Denton, David Blann, and "Blann Trucking" as defendants. The complaint alleged that Denton was negligent and that, as Denton's employers, "Blann Trucking" and David Blann were vicariously liable for Denton's negligence under the doctrine of respondeat superior. Buzbee's original complaint further alleged that David Blann was the registered owner of the tractor-trailer driven by Denton. The police report attached to the complaint identified Blann Transportation as the owner of the tractor-trailer; identified Blann Tractor Company as operating the tractor-trailer; and listed Denton's address as 3328 Calhoun 35, Harrell, Arkansas, 71745.

Buzbee filed an amended complaint on March 30, 2021, wherein he revised "Blann Trucking" to "Blann Transportation, Inc. [a/k/a Blann Trucking]." He also filed a motion for extension of time for service—supported by an affidavit—stating that diligent efforts were made to serve the defendants, including attempted service via a process server. Buzbee also alleged that service had been delayed by his counsel's illness. The circuit court granted the motion for extension.

2

On March 31, Buzbee had summonses issued to Blann Transportation, David Blann, and Denton. Denton's address was listed as 3328 Calhoun 352, Harrell, Arkansas 71745. On July 20, David Blann and Blann Transportation filed an answer to the complaint and amended complaint wherein they denied that Denton was negligent or that any act or omission on her part was the proximate cause of Buzbee's alleged damages. They further denied that David Blann owned the tractor-trailer or that David Blann and/or Blann Transportation employed Denton. Buzbee filed his second amended complaint on July 29 that added Blann Tractor Company as "Defendant #4." David Blann and Blann Transportation answered the second amended complaint on August 3.

Thereafter, Buzbee made several filings. First, he filed a second motion for extension of time for service—supported by affidavit—that was nearly identical to his first extension request. Next, Buzbee filed an affidavit for warning order wherein his counsel attested that he made "diligent efforts to properly serve Defendants Blann Trucking AKA Blann Transportation; David Blann; Christina D. Denton; & Blann Tractor" but was unsuccessful. On the affidavit was a handwritten notation to "see Exhibit A which details efforts to serve defendants." However, there is no Exhibit A included in the record with the affidavit for warning order that was filed on August 4. There is also no motion for warning order or order granting such motion in the record. On August 4, a warning order was issued by the Calhoun County circuit clerk. Accordingly, Denton and Blann Tractor filed an answer to Buzbee's complaint, first amended complaint, and second amended complaint on August 10.

On March 11, 2022, all four appellees filed dispositive motions. Denton moved to dismiss under Arkansas Rules of Civil Procedure 12(b)(4), (5), and (6), arguing that the warning order had been issued without a court order or adequate showing of diligent efforts to serve her. Moreover, Denton moved for dismissal with prejudice because she had never been served, and the statute of limitations had expired. Blann Transportation moved to dismiss under Rule 12(b)(6) or, in the alternative, moved for summary judgment and argued the following: (1) that dismissal of Denton would also require dismissal of Blann Transportation; (2) the statute of limitations had expired before Blann Transportation was named a defendant; (3) the Graves Amendment—49 section 30106—bars all vicarious liability claims against the owner of a vehicle, like Blann Transportation, that is in the business of leasing motor vehicles; and (4) Blann Transportation was not Denton's employer. David Blann moved for summary judgment and raised the same arguments as Blann Transportation—with the exception of the statute-of-limitations argument. Both David Blann's and Blann Transportation's summary-judgment motions were supported by a lease agreement between Blann Transportation and Blann Tractor and the affidavits of David Blann and Freddie Blann. Finally, Blann Tractor moved to dismiss under Rule 12(b)(6) and argued that dismissal of Denton would require that it be dismissed and, furthermore, that the statute of limitations had expired before it was named as a defendant in the action.

On March 25, Buzbee filed an "interim answer" to the motions of Denton, Blann Transportation, and Blann Tractor and requested additional time to fully respond to the motions to dismiss. Attached as an exhibit to his response to Denton's motion, Buzbee

4

included an affidavit signed by Taylor Thomas, an authorized process server, stating that he had unsuccessfully served Denton after several failed attempts. Mr. Thomas attested that he attempted service at Denton's address of record reflected on the accident report, at a location in Harrell, Arkansas, and was also unable to locate Denton in Hampton, Arkansas. The affidavit was dated August 5, 2021, and listed no physical addresses where service was attempted. Buzbee also attached an order approving his request to serve Denton via warning order. The order was not signed by the circuit court but included a handwritten notation on the court's signature line stating, "original signed by Circuit Judge Spencer G. Singleton on August 5, 2021." Buzbee filed a motion for additional time to fully respond to the motions for which he filed interim answers. Buzbee filed no response to David Blann's motion for summary judgment.

On May 2, 2022, the circuit court dismissed Buzbee's complaint and amendments with prejudice as to David Blann. The court held that David Blann's motion for summary judgment and supporting materials—including his affidavit and that of Freddie Blann as well as the lease agreement between Blann Transportation and Blann Tractor—satisfied his burden of proof. At that point, the burden shifted to Buzbee to meet proof with proof and demonstrate a genuine issue for trial. Because Buzbee did not respond to David's motion or request an extension to file his response, the court held that Buzbee had failed to meet proof with proof and accordingly granted David Blann's motion for summary judgment. Two days later, Buzbee filed his "interim answer" to David's motion for summary judgment.

On May 16, Buzbee filed supplemental answers to all four dispositive motions. No supporting exhibits were attached to any of Buzbee's responses. Additionally, counsel for Buzbee filed a letter acknowledging that the responses were untimely; however, he noted that the interim answers were timely filed and opposed the relief requested by all the dispositive motions.[1] Counsel also requested leave of the court to file briefs in support of Buzbee's supplemental answers and requested a hearing on the dispositive motions.

On June 23, the circuit court entered a blanket order granting in full Blann Transportation's motion to dismiss or, in the alternative, for summary judgment. The circuit judge subsequently recused himself from this matter, and it was reassigned. On November 18, Buzbee filed motions to set aside the orders dismissing David Blann and Blann Transportation. Buzbee argued that the orders should be set aside because (1) they were entered without a hearing; (2) the judge had been the subject of a judicial-disciplinary proceeding; and (3) his counsel had not timely received copies of the orders dismissing either party. Both David Blann and Blann Transportation responded to the motions on December 5.

The circuit court held a hearing on November 30 to address the pending dispositive motions of Denton and Blann Tractor Company. Buzbee was permitted, by agreement of the parties and the court, to respond in writing to appellees' arguments at the hearing due to an illness. Because the time to respond had not yet run on Buzbee's motions to set aside

---

[1]We note that this court is unaware of any rule of civil procedure that permits the filing of "interim answers" to serve as a timely response in opposition to dispositive motions.

6

the dismissal of David Blann and Blann Transportation, they were not addressed at the November 30 hearing. Denton argued that Buzbee failed to substantially comply with Arkansas Rule of Civil Procedure 4 regarding service. She also maintained that constructive service under Rule 4(g)(4) was defective because there is no order in the record wherein the circuit court approved service upon her via a warning order, and furthermore, merely stating that diligent efforts to locate a defendant were unsuccessful does not satisfy the requirements of constructive service. Blann Tractor argued that if Denton was dismissed from the action that it should also be dismissed because Buzbee's only claim against it was for vicarious liability. Alternatively, Blann Tractor maintained that the court should dismiss it from the matter because Buzbee did not add it as a party until several months after the statute of limitations had expired. Buzbee filed his written response to Denton's and Blann Tractor's arguments on December 16.

Additionally, Buzbee filed a motion for order nunc pro tunc requesting that the circuit court enter an order "approving the Court's findings on August 4, 2021" and confirming that it agreed to service by publication. By affidavit, counsel for Buzbee attested that he made an oral ex parte motion to allow service by warning order and presented an order granting the same to the court on August 4. Counsel further attested that the court requested for the order to be "tweaked" to comply with current procedural requirements, and then after the revisions were made, the court signed the order allowing service via warning order. Counsel stated that he then faxed the order to the circuit clerk and mailed

7

the same by USPS; however, for some "unknown reason," the order was not filed of record, and despite diligent searching, counsel could not locate a copy of the signed order.

The appellees objected to Buzbee's motion and argued that it was improper for the circuit court to retroactively grant an order nunc pro tunc—and circumvent Denton's constitutional right to proper service—to correct an attorney's mistake.

On March 28, 2023, the circuit court entered an order on all pending motions. Regarding David Blann and Blann Transportation, the circuit court denied Buzbee's motions to set aside the orders granting summary judgment. The court rejected Buzbee's argument that the previous presiding judge was obligated to conduct a hearing on the motion and held that Buzbee failed to present any reason to explain why summary judgment was not properly granted. As to David Blann specifically, the court held that Buzbee failed to timely respond to his summary-judgment motion. With regard to Denton, the circuit court granted the motion to dismiss and dismissed the claims against her with prejudice. In doing so, the court held as follows:

> In order to serve a defendant via warning order, the plaintiff is required to file a motion or show that a proper oral motion was made. The record does not contain such proof. Furthermore, the plaintiff is unable to support his contention that the undersigned judge signed such an order granting permission to serve Separate Defendant Christina Denton via Warning Order, and even if such an order did exist, such order was likely not properly granted for several reasons including that at the time it was supposedly signed, the Plaintiff failed to present a proper affidavit demonstrating that a diligent inquiry was made to locate this defendant. Thus, the Court finds that Separate Defendant Christina Denton has not been served in this matter within the time permitted under the Arkansas Rules of Civil Procedure. Furthermore, the statute of limitations has since run in this matter.

The court held that all the claims against Blann Tractor were based on a theory of vicarious liability through Denton's alleged negligence; therefore, those claims were also dismissed. Accordingly, the circuit court granted Blann Tractor's motion to dismiss and dismissed the claims against the company with prejudice. Finally, the circuit court denied Buzbee's motion for a nunc pro tunc order, finding that there was no properly entered order allowing Denton to be served via warning order nor would such order have been proper. The court explained that granting Buzbee's motion would change the circumstances of the case, which is not permitted with an order nunc pro tunc.

On April 27, 2023, Buzbee filed a posttrial motion for relief from judgment and/or to set aside the order entered on March 28. The motion was not ruled on by the court. Buzbee filed a timely notice of appeal, and this appeal followed.

II. *Points on Appeal*

Buzbee argues that (1) the circuit court's decision dismissing the matter with prejudice and denying him relief was clearly erroneous; (2) the court erred by failing to conduct a hearing prior to granting summary judgment in favor of David Blann and Blann Transportation; (3) the circuit court improperly refused to enter the nunc pro tunc order authorizing service of Denton via warning order; (4) the court erred in its finding that Buzbee failed to demonstrate diligent efforts to serve Denton prior to issuance of the warning order; (5) the court failed to consider Arkansas Rule of Civil Procedure 4(k) (2024) that allows substantial compliance with service rules; and (6) service of process via publication on

9

Denton mitigates against the circuit court's decision to dismiss the other three appellees from the action.

## III. *Discussion*

## A. Order Nunc Pro Tunc

Buzbee argues that the circuit court did not properly consider his motion for an order nunc pro tunc showing that the court signed Buzbee's order allowing service of process on Denton via a warning order. He maintains that an order nunc pro tunc is the remedy when an actual order cannot be found and would have served to correct the incomplete record. In response, the appellees maintain that the circuit court's denial of the order was not an abuse of discretion and is supported by substantial evidence. We agree.

The grant or refusal of a motion seeking entry of an order nunc pro tunc rests in the sound discretion of the lower court; on appeal, this court will not reverse the action of the circuit court in refusing to make the order nunc pro tunc unless there was either a clear abuse of discretion or no substantial legal evidence to support the ruling of the circuit court. *Wandrey v. Etchison*, 363 Ark. 36, 210 S.W.3d 892 (2005). In considering the sufficiency of the evidence to sustain an order directing or refusing to direct a nunc pro tunc entry, this court follows the usual rule governing review of questions of fact and will not disturb the ruling below if it is sustained by any substantial evidence. *Id.* Moreover, our supreme court has held that a circuit court cannot enter an order nunc pro tunc to "change the record to do that which should have been done but was not." *Rossi v. Rossi*, 319 Ark. 373, 376, 892

10

S.W.2d 246, 247 (1995); *see also Wandrey*, 363 Ark. at 41, 210 S.W.3d at 895 (holding that nunc pro tunc orders are not the appropriate remedy to correct attorney errors).

Here, the circuit court denied Buzbee's motion for order nunc pro tunc, finding that there was no properly entered order allowing Denton to be served via warning order nor would such an order have been proper in August 2021. The court held that granting the relief requested by Buzbee would change the circumstances of the case, which is not permitted with an order nunc pro tunc. We do not find that the circuit court abused its discretion in denying Buzbee's motion. In *Wandrey*, our supreme court held that the lower court did not err by refusing to grant a nunc pro tunc order when the attorney alleged she faxed a notice of appeal to the circuit clerk's office, but it was not filed. The court held that the error was the attorney's "because counsel could—and should—have called the clerk's office and double-checked to make sure the faxed notice of appeal had been received and file-marked." 363 Ark. at 41, 210 S.W.3d at 896. Here, counsel for Buzbee asserts that the circuit court gave the signed order to him for filing and that he faxed and mailed the order to the circuit clerk's office; however, the order was not filed. Thus, the holding in *Wandrey* applies. Accordingly, the circuit court did not abuse its discretion because an order nunc pro tunc is not an appropriate remedy to correct Buzbee's failure to ensure that the signed order was received and entered into the record.

## B. Warning Order

Next, Buzbee challenges the circuit court's finding that it could not have properly granted a motion for warning order in August 2021. Specifically, he asserts that he provided

supporting documentation reflecting diligent efforts to personally serve Denton and that the court provided specific guidance as to the proper wording of the order. This court reviews the question of whether an affidavit is sufficient to issue service via a warning order under a de novo standard of review. *Thomas v. Robinson*, 2018 Ark. App. 550, 562 S.W.3d 905. Arkansas law requires valid service of process before a court can acquire jurisdiction over a defendant. *Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, 488 S.W.3d 535.

Rule 4(f)(1) authorizes service by warning order if it appears from the affidavit of a party or his or her attorney that "after diligent inquiry, the identity or whereabouts of a defendant remains unknown." Ark. R. Civ. P. 4(f)(1) (2024). Affidavits that do not sufficiently recite the steps taken to conduct the required "diligent inquiry" fail under Rule 4. *See XTO Energy, Inc. v. Thacker*, 2015 Ark. App. 203, 467 S.W.3d 161. In other words, the party seeking to serve legal process using the warning-order method must provide enough detail—in the required diligent-inquiry affidavit—about the steps that were taken to locate the defendant and complete service; and the details, whatever they may be from case to case, must themselves demonstrate that a party has diligently tried to locate the defendant but cannot do so. *Id.* This court has reiterated that this information must be included in the affidavit when the warning order is first sought, not after the fact to bolster an otherwise insufficient diligent-inquiry affidavit. *See id.* (holding that the facts showing the diligent inquiry were required to be set forth at the time the warning order was issued). To be sufficient, the affidavit must provide the details of the attempted service, including the

12

address or addresses at which service was attempted, and explain any further attempts to locate the defendants. *Thomas,* 2018 Ark. App. 550, at 7, 562 S.W.3d at 909–10.

Throughout the proceedings, Buzbee provided several affidavits related to his service attempts on Denton. The first affidavit was attached as an exhibit to Buzbee's motion to extend time to serve all appellees filed on March 30, 2021. Regarding service, counsel for Buzbee stated that diligent attempts had been made to serve the defendants, including service via a process server. Buzbee then filed another affidavit in support of his second motion to extend time to serve the appellees. Again, Buzbee's counsel attested that diligent efforts had been made to serve the appellees—via a process server—which were unsuccessful. On August 4, 2021, Buzbee filed an affidavit for warning order wherein his counsel attested that he had been unable to serve the appellees, despite diligent efforts to do so; thus, he requested that service be allowed by legal notice publication. The affidavit had a handwritten notation to "see Exhibit A which details efforts to serve Defendants." However, the record contains no such exhibit filed either when the affidavit was filed or when the warning order was issued by the circuit clerk.

Finally, on March 25, 2022, Buzbee filed the affidavit of Taylor Thomas, an authorized process server, as an exhibit to his "interim answer" to Denton's motion to dismiss. Therein, Mr. Thomas detailed his unsuccessful attempts to serve Denton. While the affidavit is dated August 5, 2021, it does not appear anywhere in the record until almost eight months after the warning order was issued by the circuit clerk. Furthermore, Thomas's affidavit is dated one day after the circuit court allegedly signed the order allowing service via

13

warning order and the circuit clerk issued the warning order. Because information detailing that the appropriate steps were taken to conduct the Rule 4 "diligent inquiry" must be included in the affidavit when a warning order is sought, Thomas's affidavit cannot be used to bolster Buzbee's insufficient affidavit for warning order. *See XTO Energy, Inc.*, 2015 Ark. App. 201, at 9, 467 S.W.3d at 168. However, even if Mr. Thomas's affidavit had been submitted at the time the warning order was issued, the affidavit was conclusory in nature and failed to provide any of the addresses at which service was attempted. Thus, we find that the circuit court did not err in its determination that it could not have properly granted an order allowing Denton to be served via warning order in August 2021.

## C. Preservation Issues

It is well established that this court will not consider an argument that is raised for the first time on appeal or that is fully developed for the first time on appeal. *See Clark v. Ark. State Bd. of Health*, 2024 Ark. App. 468, 699 S.W.3d 732. Furthermore, this court will not consider arguments not supported by convincing argument or citation to authority. *Rowan v. Rowan*, 2022 Ark. App. 143, 643 S.W.3d 62. Nor will we make an appellant's argument for him or consider an argument that is not properly developed. *See Sanders v. JLP, LLC*, 2024 Ark. App. 65, 683 S.W.3d 607. Here, the remainder of Buzbee's arguments are either raised for the first time on appeal or not supported by citation to authority, as discussed below.

14

Buzbee's first argument consists of a heading wherein he states that the circuit court's decision denying relief and dismissing the matter with prejudice is clearly erroneous. Because Buzbee failed to develop this point any further, it provides no ground for reversal.

Next, Buzbee contends that the circuit court's failure to conduct a hearing before granting summary judgment in favor of David Blann and Blann Transportation was erroneous because it denied Buzbee the opportunity to be heard on the merits. Additionally, Buzbee argues that the circuit court's failure to grant his motion to set aside the orders dismissing David Blann and Blann Transportation was further error. Buzbee cites no authority in support of his argument that a hearing was required before granting summary judgment; instead, he makes conclusory statements and alleges that the former judge who entered the orders was disciplined by the Arkansas Supreme Court for dismissing matters without a hearing—and suspended from office for doing so. He also asserts that the interest of justice requires the orders to be set aside because his counsel was not provided electronic file-marked copies, and it was "well known to defendant's attorney and the court" that his counsel did not have access to CourtConnect. Because Buzbee has offered no convincing argument or citation to authority for his claim, we do not consider it on appeal. We note, however, that a circuit court's decision to hold a hearing on a motion for summary judgment—despite Buzbee's request for one—is discretionary, not mandatory. *See Loghry v. Rogers Grp., Inc.*, 348 Ark. 369, 72 S.W.3d 499 (2002); *see also* Ark. R. Civ. P. 56(c)(1) (2024).

Additionally, Buzbee's argument that the circuit court failed to consider Arkansas Rule of Civil Procedure 4(k) and the substantial-compliance standard regarding his

constructive service on Denton is not preserved for review. Rule 4(k) states that "[a]ny error as to the sufficiency of process or the sufficiency of service of process shall be disregarded if the court determines that the serving party substantially complied . . . and that the defendant received actual notice of the complaint and filed a timely answer." Buzbee raises this argument for the first time on appeal; thus, it is not preserved for review by this court. *See Scott v. Barnes*, 2024 Ark. App. 418, 698 S.W.3d 394.

Finally, Buzbee reasons that the dismissal of David Blann, Blann Transportation, and Blann Tractor should be reversed if this court finds that service of process on Denton was proper; however, he sets forth nothing further in support of this claim. Because we find no error in the circuit court's dismissal of Denton, this argument is moot.

IV. *Conclusion*

For the above-stated reasons, we affirm the orders of the circuit court dismissing all appellees with prejudice.

Affirmed.

HARRISON and HIXSON, JJ., agree.

*James E. McMenis*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Michael A. Thompson* and *Quinten J. Whiteside*, for appellees.